MICHAEL BARNEY *vs.* STEPHEN S. BROWN.

The vendee having purchased a number of sheep which were in the possession and keeping of B, requested B, to whom he gave notice of the purchase, to act for him in selecting the sheep, and to take a delivery of, and keep, them for him ; to which B assented ; and a short time afterwards selection was made under the purchase, and the sheep delivered by the vendor to B, who marked them with the initials of the vendee's name, and kept them for him in the same situation as before, until they were attached by a creditor of the vendor. It was held that such sale and delivery of possession was sufficient, and the attaching creditor was held to be liable to the vendee in an action of trespass.

This was an action of trespass originally brought before a justice of the peace, and came into the county court by appeal, where a statement of facts was agreed on by the parties ; from which it appeared, That in the spring of 1827, one *James Pindergrass* of *Highgate* agreed with one *Roger Barney* of said *Highgate* to keep twenty two sheep for him, at a price agreed upon between them ; and the sheep were accordingly put upon the farm of the said *Roger*, and run there with his sheep in the same pasture until some time in June of the same year, when the plaintiff purchased eleven of said sheep of *Pindergrass*, and paid him a valuable consideration therefor. This bargain was made at the house of *Pindergrass*, and not on the place where said sheep were kept. The plaintiff afterwards saw the said *Roger*, and told him of the bargain, and what kind of sheep he was to have, and requested the said *Roger*, when *Pindergrass* called for that purpose, to select out the sheep and keep them for the plaintiff; for which

FRANKLIN,
January,
1829.

Barney
vs.
Brown.

keeping, the plaintiff told the said *Roger*, he would be accountable. The plaintiff at that time, and for a long time after, resided in *Colchester*, in the county of *Chittenden*, whither he went immediately after the purchase, and the agreement with the said *Roger*. *Pindergrass*, a few days after the sale, called on the said *Roger*, and they together selected the eleven sheep, which were turned out to the plaintiff, and M. B. was marked on them with red chalk, which was washed out in a day or two after by the rain, so that no mark was visible. All of said sheep, both those sold to the plaintiff, and those still owned by *Pindergrass*, ran in the same pasture where they had been kept before, with a number of sheep owned by the said *Roger*, and exactly as they had been kept by him before the contract for the sale. *Pindergrass*, during the summer and fall, took from the same flock a number of sheep to kill, but he killed none of the eleven sheep. On the 17th day of October, 1827, the defendant, to whom *Pindergrass* was indebted, took out a writ of attachment and duly attached seven sheep as his property, four of which were the same sheep which were transferred to the plaintiff by *Pindergrass*, which were found by the defendant in the pasture of the said *Roger*, where they were kept during the previous summer, and were taken away by the defendant, and afterwards sold on an execution issued on the judgment recovered in said suit.

On this statement of facts the county court rendered judgment for the plaintiff, and the defendant reserved the case for the opinion of the Supreme Court.

*Argument for the defendant.*—The law requires a visible change of possession. A constructive change alone is not sufficient, inasmuch as it furnishes no evidence to creditors or subsequent purchasers of a change of property.—1 *Aik. R.* 111, *Durkee vs. Mahony.*—*Id.* 162, *Mott vs. M'Neil.*—The property remained in the same situation as before the sale. The sheep sold, and the sheep still owned by *Pindergrass*, run together without any visible marks to distinguish them. If the plaintiff would leave his property so situated, that a creditor attempting to attach the property of *Pindergrass* might be a trespasser by mistake, the plaintiff ought not to recover, as the trespass was from his own neglect.

*Argument for the plaintiff.*—The case shows the sale to have been a fair, *bona fide* transaction ; a good consideration *paid ;* and not a single circumstance to fix upon the defendant even the suspicion of a fraud in fact. If, therefore, the defendant can hold the sheep as the property of *Pindergrass*, it must be by the operation of some inflexible rule of law which the Court are bound to en-

FRANKLIN,
January,
1829.

Barney
vs.
Brown.

force, in contradiction to the *facts*, and in disregard of the *equity* of the case : in other words, from the fact that the sheep were permitted to remain in the keeping of the agister, *Roger Barney*, *after the sale*, the Court must presume a *fraud in law*.

1. The plaintiff contends, that where the property is not in the actual possession of the vendor at the time of sale, the sale divests him of the *right* of possession, and transfers it to the vendee. —1 *Chit. Pl. p. 3, and the cases there cited.*—8 *T. R.*—2 *Saun.* 47, *k.*—*B. N. P.* 36.—3 *P. W.* 186.—3 *B. & P.* 582. Thus, after consignment, and before delivery to the consignee, the property of the goods is vested in the consignee, and, coupled with a *right* of possession, enables him to maintain trover against a wrong doer for a conversion.—1 *Chit.* 151, *and cases there cited.* —But in this case, there was something more than a constructive possession. For the sheep were turned out to plaintiff's agent as his property, designated and marked as such, their keeping paid for thereafter by the plaintiff; and the case shows that *Pindergrass* abstained from those acts of ownership which he used towards his other sheep in the same situation.

2. The plaintiff contends, that this case does not come within the cases which decide that possession must accompany and follow the sale in order to protect the goods sold from creditors. These cases establish an *exception* to the general rule of law on the subject of sales, which requires no *formal*, *actual delivery* and *subsequent possession* of the vendee in order to constitute a valid sale.—1 *Swift's Dig.* 380.—Now the extension of the exception to salutary, general principles of law, is not to be encouraged ; and the party who would avail himself of such exception, must either show by an analogous, decided case, that his case comes within it, or that it comes within the *reason* and *spirit* of the exception. It is believed that there is not a single case which decides, that there must be a *local* change of possession by the vendee, where the property is in the keeping of an agister, or out of the possession of the vendor, at the time of sale. In all the cases which sustain the exception referred to, the vendor was, at the time of the sale, and continued afterwards, in the actual possession of the goods sold, and on *that ground* the claim of the creditor sustained.

3. The plaintiff contends that the *reason and spirit* of these cases did not require him to take the sheep out of the possession of the agister, after the sale. It is only when the *actual, visible* possession of the vendor remains unchanged, that there is any danger of that false credit, which those cases designed to prevent. The *actual* possession of property is, in point of fact, the inducement

FRANKLIN,
January,
1829.

Barney
vs.
Brown.

to give credit : the cases recognize this as the proper inducement. To infer, therefore, that credit will be given from a possession that *did not exist*, is as illogical as it is unjust. In refusing to protect a sale, where the vendee has made no change of possession, the law assumes *that* to be fraudulent which is perfectly innocent and fair in itself ; and however this assumption is sustained by considerations of public policy, it does not require to be *extended.* And many imperative reasons against such an extension might be suggested. The case itself discloses one. The plaintiff, at the time of the sale, lived at a great distance from the place where the sheep were kept ; and it might be, and probably was, a great disadvantage to be compelled to drive them home or find another agister.

The opinion of the Court was delivered by

PRENTISS, J.—The sheep in question were attached by the defendant as the property of *Pindergrass,* and are claimed by the plaintiff under a previous sale from *Pindergrass* to him. The plaintiff paid a valuable consideration for the sheep, and the only question is, whether there was such a delivery and change of possession, as rendered the sale valid as against the defendant, a creditor of *Pindergrass.*

The sheep, at the time of the sale as well as of the attachment, were in the keeping of *Barney,* who had undertaken to pasture twenty-two sheep for *Pindergrass,* through the season. The plaintiff purchased eleven of the sheep, and as he lived in a distant town, requested *Barney,* to whom he gave notice of the purchase, to act for him in selecting the sheep, and to take a delivery of and keep them for him, and he would pay for the keeping. *Barney* consented to this, and a few days afterwards a selection was made under the purchase, and the sheep delivered by *Pindergrass* to *Barney,* who marked them with the initials of the plaintiff's name, and kept them for him until the attachment. There can be no doubt upon these facts, but that every thing was done, which was necessary to complete the sale, and vest the property of the eleven sheep in the plaintiff. If a vendor of goods in the care and keeping of a third person, directs him to deliver them to the vendee, and the party holding the goods, on notice and application of the vendee, assents to retain the goods for him, it is a sufficient delivery and transfer. *(Whitehouse* vs. *Frost,* 12 East, 614.—*Lucas* vs. *Dorrien,* 7 Taunt. 278.) *Barney* took the delivery of the eleven sheep as the agent of the plaintiff, and became his bailee, keeping them for his use and at his expense. In all the cases, where sales not fraudulent in fact have been ad-

FRANKLIN,
January,
1829.

Barney
vs.
Brown.

judged void as against creditors, the vendor continued in the use or possession of the property, and the apparent ownership remained with him. But here, *Pindergrass* had neither the actual nor constructive possession of the sheep, or in any respect the use, controul, or disposition of them. Although before and at time of the attachment, they were kept in the same pasture with other sheep, some of which belonged to *Barney,* and some to *Pindergrass,* yet as *Barney,* and not *Pindergrass,* had the actual possession of them, it was the duty of the defendant to make inquiry, and ascertain the ownership. To hold the sale in the present case void as to creditors, would be carrying the doctrine respecting fraudulent sales to an unprecedented extent, far beyond what the policy of the law, or the reason of any of the adjudged cases, requires.

Judgment affirmed.

*Fisk,* for plaintiff.
*Brown,* for defendant.