[No. 3368. · Decided October 3, 1900.]

ELLEN HIGH, *Respondent*, v. J. S. EMERSON, *Appellant*.

ATTORNEY AND CLIENT—SATISFACTION OF JUDGMENT—AUTHORITY OF ATTORNEY.

Where an attorney has been authorized to compromise and settle an action after the rendition of judgment in replevin in favor of his client for the return of $500 worth of personal property, or its value, together with an award of damages in the sum of $150, his action in accepting the property, with the exception of about $25 worth thereof, and his settlement of the claim for $150 damages by receiving $85 in cash and procuring the cancellation by defendant of a claim against himself for $55, must be held to constitute a valid settlement, when, in addition to the regular attorney fee charged by him, there was an agreement on the part of his client that he should have half of the damages recovered, and no part of his fee had been paid.

REPLEVIN—RETURN OF PERSONAL PROPERTY—WHAT CONSTITUTES DELIVERY.

Where property whose return has been awarded to plaintiff in an action of replevin is in the hands of a tenant of defendant, and defendant agrees with plaintiff's attorney to surrender pos-

session and so informs his tenant, who thereupon enters into a written agreement with plaintiff's attorney to retain the goods for a stated period and then box and ship them to plaintiff, there is such a delivery of the property to plaintiff, although she fails to receive them by reason of seizure under legal process, as to authorize her attorney to enter a satisfaction of the judgment in replevin against defendant.

Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Reversed.

*Nicholson & Hurlbut* and *Fairchild & Bruce*, for appellant.

*Condon & Wright*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action to set aside and vacate the satisfaction of a judgment.

In May, 1897, upon a general and special verdict of a jury, a judgment was entered in favor of the respondent and against appellant in an action in replevin for the return to respondent of certain personal property, or its value, in the sum of $500, together with damages in the sum of $150. On the 13th of September, 1897, there was entered on the execution docket upon the record of the judgment the following entry:

"Full payment and satisfaction of the within judgment by delivery of the articles described in the judgment herein, and payment of the damages and. costs, is hereby received and acknowledged this 15th day of September, A. D. 1897. Ellen High, plaintiff. By H. Julius Miller, her attorney."

The suit here is to set aside the satisfaction.

The complaint alleges, in substance, that the attorney had no authority, except the general authority of an attorney, to collect the judgment or receive satisfaction thereof; that the satisfaction was executed. without the

knowledge or consent of the respondent; that neither the whole nor any part of the personal property involved in the replevin suit was delivered to the respondent; and that no part of the damages, except $85, was paid. It is also alleged that the satisfaction so entered of record was collusive, and that the appellant and the attorney of respondent, for the purpose of defrauding respondent, made the satisfaction. Appellant answered, denying collusion and fraud, and alleging the satisfaction of the judgment in fact and the authority of the attorney to enter such satisfaction. Trial was had and findings of fact made by the superior court. No exceptions to the findings of fact were taken by either side. The material facts found are substantially as follows: That Miller, who signed the satisfaction, is the attorney who prosecuted the replevin suit to judgment on behalf of the plaintiff; that, after the rendition of said judgment, the plaintiff authorized Miller, her attorney, to compromise and settle said action; that Miller, acting for the plaintiff, made an agreement to settle the judgment, in which the defendant was to pay $85 in cash, cancel the claim of said defendant against Miller personally in the sum of $55, and surrender possession of all of the personal property, except a refrigerator and carpet, of no greater value than $25; that, at the time of the agreement, the personal property, consisting of household goods, was at the house of one Dickey, who was renting the same from the defendant; that, in pursuance of the agreement, defendant paid the sum of $85 in cash to plaintiff's attorney, acting for plaintiff, and canceled the claim against said attorney personally in the sum of $55, and defendant then informed Dickey that he had settled the judgment and had nothing more to do with the goods, and had turned the same over to Miller, attorney for plaintiff. At the time of the agreement, and settlement pursuant thereto, plaintiff was

a resident of Vancouver, British Columbia, and had directed Miller, as her attorney and agent, to forward the goods, in case of settlement, to that place; that plaintiff left no money and provided no means for boxing or shipping the goods, and left no other instructions to her attorney in regard thereto; that thereupon the attorney Miller entered into a written memorandum with Dickey whereby plaintiff leased to Dickey from the 13th of September to the 15th of October, 1897, the personal property involved in the replevin suit, except the carpet and refrigerator, of the value of about $25, in consideration that Dickey should, about the 15th of October, box the property and deliver the same free on board cars, addressed to the plaintiff at Vancouver, B. C.; that the agreement of settlement between defendant and plaintiff's attorney Miller was made in the office of defendant and in the presence of Dickey; that the attorney Miller at no time had the manual or actual possession of the goods, other than as mentioned in the settlement and the subsequent agreement between the attorney and Dickey; that Dickey, in pursuance of his agreement, boxed and marked the goods with plaintiff's address at Vancouver, B. C., and was transporting part to the railway station when all the goods were attached at the suit of the Emerson Investment Company against plaintiff; that the goods were thereafter sold to satisfy the judgment obtained by the company against plaintiff, and that the defendant Emerson was the manager of the Emerson Investment Company; that plaintiff agreed to pay her attorney Miller for his services in the replevin suit, $100, and one-half of all damages recovered, and prior to the said settlement and entry of satisfaction she paid no part of the fee. The superior court, upon the above facts, determined that the cancellation and satisfaction of the judgment should be vacated, in so far as it attempts to satisfy the judgment adjudging

to the plaintiff a return of the specified items of property in the replevin suit, or for the sum of $500, their value.

It will be observed that the cause must be heard here upon the facts as stated by the superior court. No finding of collusion or fraud between Miller, the attorney of the respondent, and the appellant is made. No specific finding of failure of delivery of the property involved in the replevin suit is made. There is an inferential statement that Miller, respondent's attorney, at no time had the manual or actual possession of the property, but this is qualified by the words, "other than as above set out." The attorney was authorized to compromise and settle the replevin suit. Thus the contention of counsel that the general authority of an attorney did not authorize Miller to settle the suit becomes immaterial. The finding is that special authority existed. In the settlement the attorney Miller seems to·have made small concessions to defendant; that is, $10 on the amount of damages was remitted, and articles of the personal property of the value of $25 were not returned, making a diminution of $35 in the value of the whole judgment. The agreement between respondent and her counsel Miller upon the attorney fee was $100 and half the damages recovered, which entitled her attorney, upon the full settlement of the judgment, to $175. It is apparent that, had he collected the entire judgment in money he could have retained his fee, and his client should have rightfully received the remainder. The cancellation of the personal claim of $55 due from the attorney to the defendant may be, then, regarded as the payment of the $55 to the attorney. We think a fair construction of the authority found, of the attorney to compromise and settle the action, sustains the agreement of settlement made between the attorney and the appellant.

The remaining question is, was the agreement executed, and did the defendant deliver the personal property to the attorney for plaintiff? Under the agreement, the appellant stated to their custodian that he had settled the judgment and had turned over the property to Miller, attorney for plaintiff, and thereupon the agreement in writing was made between Miller, the attorney, and Dickey, who had possession of the property. We think the property was delivered to the attorney of plaintiff and therefore to plaintiff. It seems to be recognized that delivery of personal property may be made by an arrangement that some third person in possession of the goods may hold them as bailee for the purchaser or owner. *Barney v. Brown,* 2 Vt. 374 (19 Am. Dec. 720); *Carpenter v. Graham,* 42 Mich. 191 (3 N. W. 974); Benjamin, Sales (Bennett's ed.), 154.

If the personal property, the subject matter of the judgment in replevin, was delivered to the attorney for the respondent under the terms of the compromise and settlement, then the judgment was in fact satisfied and the entry of such satisfaction was authorized. The subsequent failure of respondent to receive the property, or the seizure by legal process and sale of such property in an action against her, would not alter the effect of the satisfaction. The argument of counsel for the respondent, founded upon the fraudulent collusion of the attorney for respondent and the appellant, has not been unobserved; but, as has been mentioned, the findings of fact, which alone can be considered here, are silent upon those allegations of the complaint, and, from the facts found, we cannot sustain the conclusions of law of the superior court.

The judgment must be reversed and judgment given in favor of appellant.

Dunbar, C. J., and Anders and Fullerton, JJ.,. concur.