### Dexter Pierce vs. Samuel Chipman.

Where personal property, when sold is in the possession of a third person, and that person is fully informed, both by the vendor and vendee of the property being sold, this is a sufficient change of possession to protect it from the creditors of the vendor.

This was an action of trespass, for taking a certain heifer, brought by appeal to the county court.—Plea, the general issue, to the court.

On the trial the following facts appeared. Artemas M. Pierce was the owner of this heifer. On the first of January 1835, he put her to one Aldrich, to be kept and fed out the winter and until grass. On the first day of April, he and the plaintiff conferred on a purchase of the heifer, and on the eleventh the contract was

WINDSOR,
*February,*
1836.

Pierce
*vs.*
Chipman.

concluded, and the plaintiff gave his note for twelve dollars for her. The said Artemas wrote and sent by his son to Aldrich the following note.

" Mr. Aldrich, I have sold my heifer to Dexter Pierce. I will however pay you for wintering her out, as that is our bargain.

Respectfully yours,

A. M. PIERCE."

Which was delivered to Aldrich by the boy, and the plaintiff called on Aldrich and went with him to the barn to look at the heifer saying, he had bought her. Eight days after this, the defendant, a deputy sheriff, called at Aldrich's, with a writ of attachment against said Artemas M. Pierce and took away said heifer thereon. In the course of the trial the defendant offered in evidence, a copy of said writ, which was objected to by the plaintiff on the ground that the same was not admissible on the general issue; but the same was admitted. The court decided, that there was a sufficient change of possession, of said heifer, and rendered judgment for the plaintiff. To which the defendant excepted.

*T. Hutchinson for defendant.*—1. The defendant contends, that no special plea or notice was necessary, in order to entitle the defendant to prove his process. He was not guilty of a trespass in taking the property of the debtor, Artemas M. Pierce, and surely not, if the taking was from the actual or constructive possession of said debtor in said writ. There could be no trespass upon the plaintiff, unless the taking was from his possession.

2. The heifer was the property of said Artemas, and liable to the attachments of his creditors. The possession was in no sense changed, after the pretended sale to the plaintiff. The heifer was in the keeping of Aldrich for said Artemas, from January to April, under a contract between them for her to be wintered out, at the expense of said Artemas.

The plaintiff went to Aldrich, delivered the letter dated March 10th, went to the barn, saw the heifer, said he had bought her; and nothing more was done till the attachment by the defendant.

Thus we contend, that there was no such delivery as to render the sale complete as against creditors, and there was no agreement, nor even a request for Aldrich to become the keeper of the heifer for the plaintiff. He was keeping her for said Artemas when she was taken by the defendant, on said writ. All this amounted to no more than a contract of sale, and the delivery to be made when the heifer was wintered out.—1 Aik. R. 116, *Durkee vs. Mahony.*—Do. 158, *Boardman vs. Keeler et al.*—Do. 162, *Mott*

WINDSOR,
February,
1836.

Pierce
vs.
Chipman.

vs. *McNeal.*—2 Vt. R. 555, *Spalding* vs. *Austin.* Hall express-ly agreed to keep the chaise for the new owner. So in same vol., p. 374, *Barney* vs. *Brown.*

*Closson for the plaintiff.*—The only question is, was there a sufficient delivery to pass the property to the plaintiff? We would not contend against the principle, that to make a sale valid as against creditors, there must be a change of possession, which of course implies that vendor was in possession at the time of sale.

It is necessary to keep in view the reason upon which a train of decisions is had, and occasionally to revert back to first principles, lest we depart from those reasons. These reasons were, that as possession was the best evidence of ownership of personal prop-erty, it would be a fraud upon the public, for a man to retain the possession and exercise all the usual acts of ownership after sale. It might enable him to get a false credit, perhaps upon the strength of the very chattel itself. Hence the rule and the reason of it. Such possession in some of the states is only presumptive evidence of fraud, while in ours it is a circumstance *per se* of fraud.

In all cases which have been declared void by this court for want of change of possession, there continued some kind of pos-session in the vendor. See *Weeks* vs. *Weed*, 2 Aik. 64.—Also, *Moore* vs. *Kelley*, 5 Vt. R. 34. In the latter case, the court say, "There is no intimation that any person whatever knew of the sale, or had reason to suspect it except the vendor and purchaser." In all cases both English and American, where such sales have been declared void, some kind of possession remained in vendor. The case of *Barney* vs. *Brown*, did not fall within the rule.—2 Vt. R. 377.—See also, 2 Vt. R. 555, *Spalding* vs. *Austin.* That case varies from this only in one immaterial particular. In that case the sheep when sold were in the hands of the agister who had notice and agreed to keep, &c., the purchaser to pay for keep-ing. But no stress was laid on that. The purchaser's agreeing to keep the sheep is the only circumstance which tends to vary that from the present. And that cannot vary the case in a legal point of view. We have before seen that the cases have been decided upon the principle of vendor's retaining some kind of possession, and the collusive credit he may get in consequence thereof. Now what difference can it make so far as the public are concerned?— The visible effects are the same ; and these visible effects are the turning points upon which the whole system is founded. The heifer was out to keep for the season,—so were the sheep in *Bar-ney* vs. *Brown*, above quoted.

WINDSOR,
*February,*
1836.

Pierce
*vs.*
Chipman.

The law would imply just such liability on the present plaintiff to pay for the keeping, as the express agreement did on the purchaser of the sheep, Aldrich being bailee of the plaintiff, and not of A. M. Pierce. Consequently, the legal relation between all these parties is the same. Notice of the sale to Aldrich was notice to all the world. The heifer's being out of vendor's possession and in another's, should necessarily put creditors and subsequent purchasers on the inquiry, which if they made, they might get the true information.

There is no pretence of any fraud in fact ; none of the insolvency of A. M. Pierce, between whom and plaintiff, it was no ordinary business transaction. To invalidate this sale, the court are required to go far beyond the established rule, which has already been extended to its utmost stretch. Thus far we have treated the case as though the defendant stood before the court as an officer, with proper authority to attach, &c. But we apprehend no authority can be produced, nor any argument be satisfactory, to show in an action of trespass, defendant can be allowed to give in evidence a justification under the general issue, without notice, consequently the defendant stands in the same situation as any other stranger driving off another's property unwarrantably. The decision of the county court, however, was correct in the result and we hope it will be sustained.

The opinion of the court was delivered by

COLLAMER, J.—Somewhat has been said in argument, as to the propriety of the court below, having admitted under the general issue, the evidence of the *attachment* by the defendant. The court see no impropriety therein, but in truth that question is only presented in this case. That was decided *for* the defendant, yet the judgment was *against* him. In filing exceptions he takes no exception to what is decided in his favor, and the plaintiff is entirely content with the judgment. The defendant cannot complain of objections, taken by the other party, which were not sustained.

The question entirely relates to the *possession* of this heifer, and whether that possession passed to the plaintiff on sale, so as to vest in him a title as against the creditors of the vendor.

It is well settled law in this state, that possession must accompany and follow the sale of personal property, in order to vest the same as against the attaching creditors or *bona fide* purchasers of the vendor, or, in other words, that the actual possession and beneficial use of the property, by the vendor after sale, is inconsisten·

43

WINDSOR,
February,
1836.

Pierce
vs.
Chipman.

with the sale, and conclusive evidence against it, so far as relates to third persons, were especially attaching creditors. To this, a sheriff's sale, made by legal authority, is an exception. Still what constitutes this change of possession must be a question which will vary with circumstances. In the case *Barney* vs. *Brown*, 6 Vt. 374, and in *Spalding* vs. *Austin*, 6 Vt. R. 555, it was holden that if the property when sold was in the hands of a third person, and *he undertook to be the keeper for the purchaser*, it was sufficient, though *no visible change* took place. In *Judd & Harris* vs. *Langdon*, where the keeper had never been informed *by the purchaser*, and in *Moore* vs. *Kelley*, where he had not been informed by either party, and the possession remained with the keeper after sale, it was holden that no sufficient change of possession took place. A middle case is now presented. Here the heifer was in the keeping of Aldrich on a previous contract to keep out the winter, and upon the sale he was fully informed thereof, *by both parties.*— This constitutes a new case, and is to be decided by analogy and the application of general principles.

Possession is a strong indication of ownership of property, which the law constantly recognizes and regards. This, especially in relation to personal property, is simple, visible and easily understood; and should as far as practicable be made the test of property; and if this be carried back and connected with actual previous ownership we regard it as conclusive for third persons.

When the actual possession of property is in another at the time of sale, such sale is not accompanied with any *implied* warranty of ownership in the vendor as on ordinary sales. This is on the ground that the purchaser is put on his inquiry, and that on such inquiry he has been informed to his satisfaction, or could require a warranty, in fact. If real estate be in the possession of a third person, the purchaser will be presumed to have notice of any unrecorded deed he may have thereto, from the grantor. This is on the same ground, that is, that he is put on enquiry and ascertained the fact. When the bailee of personal property is fully informed of the sale thereof, both by the vendor and the vendee, he becomes keeper for the true owner by operation of law, and his consent is immaterial; and if the vendor has no further use or beneficial interest in the property, nothing transpires inconsistent with the sale. In the case *Harman et al.* vs. *Anderson et al.*, 2 Camp. R. 243, where a question arose as to change of possession in relation to stoppage in transitu, where an *actual* possession has always been holden necessary to prevent the stoppage. In that case the prop-

WINDSOR,
February,
1886.

[Pierce
vs.
Chipman.

erty was in the possession of a wharfinger to whom notice of the sale was given by a delivery of the sale note, but he made no transfer in his books, nor accepted the delivery of said note or entered into any undertaking with the purchaser.   In that case Lord Ellenboro says :—" After the note was delivered to the wharfinger, they were bound to hold the goods on account of the purchaser.   The delivery note was sufficient without any actual transfer in their books.   From thenceforth they became the agents of the vendee."   In such case in consistency with general principles, all purchasers and attaching creditors are put upon their inquiry and may arrive at truth ; and all danger of fraud be counteracted, so far as possession and use are concerned, though no *visible* change has transpired.   It is on this ground the cases *Barney* vs. *Brown* and *Spalding* vs. *Austin* are decided.   There no external, *visible* change of possession took place on sale, of which third persons could take notice ; nor did the fact that the bailees undertook to keep for the vendees, render the change any more obvious.   But the property was in a third person's possession, which would put all creditors and purchasers on enquiry and result in full notice.   But if the property is in the possession of a third person under such circumstances, that on inquiry from him the sale would not be learned, then this security entirely fails.   Therefore, if the keeper be not informed of the sale, as in the case *Moore vs. Kelley*, or if he be only informed by the vendor who may have given him a wrong account from sinister motive, and whose *exparte* account was entitled to no credit, as in the case of *Judd et al.* vs. *Langdon*, then the security of notice which the law requires entirely fails, and the possession cannot be considered so changed as to be regarded by creditors.   In this case the property was in the possession of a bailee, and this puts all concerned on inquiry.   He was fully informed of the sale both by the vendor and vendee and so became keeper for the vendee.   Thus the possession was changed with the sale, and creditors and purchasers were furnished with legal means of knowledge, whether the bailee entered into any express undertaking with the vendee or not.

Judgment affirmed.