### THOMAS HUNTER *vs.* ANSEL WRIGHT.

If tobacco which has been sold and paid for before it is ready for delivery is afterwards got ready for delivery and boxed and marked with the purchaser's name and delivered by the vendor to a warehouseman to be kept for the purchaser, this is a sufficient delivery to pass the title as against an attaching creditor of the vendor, although the purchaser does not inform the warehouseman of his title personally or by any other agent than the vendor.

TORT for the conversion of tobacco. The defendant justified under an attachment made by him as a deputy sheriff, on a writ against Robert Ingraham.

At the trial in the superior court, before *Ames*, J., it appeared that Ingraham raised the tobacco in 1864 on his farm in Hadley, and on the 1st of December in that year purchased of the plaintiff certain land, taking a deed running to his wife, and paying

two hundred dollars in money and the tobacco in controversy. The tobacco had not then been stripped and got ready for box·ing; and the plaintiff had seen it, as it was hanging to dry.

There was a conflict of evidence as to the facts relied upon to show a delivery to the plaintiff. Ingraham testified that the plaintiff wished him to get Fuller & Tucker (who received such property for storage at Northampton) to come and look at it, and see whether it was ready to box; that they came and found it ready, and sent a man who boxed it; that the boxes were marked " T. Hunter," and he (Ingraham) said he wished them drawn to Northampton; that he was to strip the tobacco for the plaintiff; that he had sold his farm, and the plaintiff did not wish the tobacco left there afterwards; that he (Ingraham) told Fuller & Tucker that he had sold the tobacco to the plaintiff, and wished it boxed for the man he had sold to, and Hunter had boxes of his own, but Fuller & Tucker preferred to furnish their own boxes.

The tobacco was deposited with Fuller & Tucker on storage at the time it was attached.

Fuller, who was called as a witness by the defendant, contradicted Ingraham in various particulars, and testified that he supposed the tobacco was the property of Ingraham.

The defendant contended that even if the facts were as Ingraham had stated, yet, as it appeared that Fuller & Tucker supposed the tobacco to be the property of Ingraham, there was no sufficient delivery. The judge did not so rule, but instructed the jury that, if the tobacco was put by Ingraham into the hands of Fuller & Tucker to keep for the plaintiff, it was a sufficient delivery; or if by the plaintiff's direction the tobacco was left with them in boxes plainly and legibly marked with the plaintiff's name, and without any intimation on Ingraham's part that it belonged to himself, it would authorize the jury to find a sufficient delivery; but if, on the other hand, Ingraham left it as if it was his own, or called it his own, and did not disclose the fact that it belonged to the plaintiff, it would not be a sufficient delivery.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*S. T. Spaulding*, for the defendant. Marking the boxes with the plaintiff's name was not a delivery. *Stinson* v. *Clark*, 6 Allen, 340. *Lamson* v. *Patch*, 5 Allen, 586. *Veazie* v. *Somerby* Ib. 289, and cases cited. *Rourke* v. *Bullens*, 8 Gray, 549. Delivery could not be effected by an arrangement between Ingraham and the warehousemen alone. *Ropes* v. *Lane*, 9 Allen, 502. *Burge* v. *Cone*, 6 Allen, 412. [The Vermont decisions referred to in the opinion were also cited.]

*I. F. Conkey*, for the plaintiff, cited *Stephenson* v. *Clark*, 20 Verm. 624; *People* v. *Haynes*, 14 Wend. 546; *Jewett* v. *Lincoln*, 14 Maine, 116; *Carter* v. *Willard*, 19 Pick. 9; *Wing* v. *Clark*, 24 Maine, 366; *Stinson* v. *Clark*, 6 Allen, 340.

CHAPMAN, J. The question presented by the bill of exceptions is whether the plaintiff had obtained a delivery of the tobacco to himself previous to the attachment. He had agreed to purchase it; had paid for it; and had looked at it as it was hanging to dry. But it had not all been stripped and got ready for boxing when he saw it, and, as there was something remaining to be done by Ingraham, the vendor, there was no delivery by Ingraham to the plaintiff directly. But he directed Ingraham to have it boxed and deposited with Fuller & Tucker at Northampton, who were warehousemen. This was done, and the boxes were marked "T. Hunter." Ingraham informed the warehousemen that it was left there for the plaintiff and belonged to him. The defendant contends that this was insufficient, because the plaintiff did not employ them or inform them that the property was his, either personally or by some other agent than Ingraham the vendor.

A delivery of goods to a carrier designated by the purchaser is of the same legal effect as a delivery to the purchaser himself. *Putnam* v. *Tillotson*, 13 Met. 517. *Orcutt* v. *Nelson*, 1 Gray, 536. *Merchant* v. *Chapman*, 4 Allen, 362. It is not necessary that the purchaser should employ the carrier personally, or by some other agent than the vendor. We see no reason why a delivery to a warehouseman should not have the same effect. If the goods are destroyed in the warehouse, the loss falls upon the vendee In an action against him for the storage, the vendor can testify

So in a suit by him against the warehouseman for negligence, or upon a refusal to deliver the goods.

The defendant contends that his position is sustained by several cases in Vermont. We do not so understand these decisions. They hold that when property is sold while it is in the hands of a third person, and it is permitted to remain in his hands, a mere notice to him of the sale by the vendor is not sufficient to constitute a delivery; while a notice by both vendor and vendee is sufficient. This is on the ground that there must be a change of possession, or something equivalent to it, to constitute a delivery. *Barney* v. *Brown,* 2 Verm. 374. *Judd* v *Langdon,* 5 Verm. 231. *Pierce* v. *Chipman,* 8 Verm. 334. *Whitney* v. *Lynde,* 16 Verm. 579. This is quite consistent with the doctrine that a delivery to a warehouseman after the goods are purchased and paid for, who receives them to keep as the property of the purchaser, is a sufficient delivery, though he has had no communication with the purchaser. We think the verdict was right.               *Exceptions overruled.*