GEORGE WORLEY EX REL. JOSEPH R. STANDLEY, Respondent, v. AMARIAH WATSON ET AL., Appellants.

Kansas City Court of Appeals, June 14, 1886.

1. FRAUDULENT CONVEYANCES—CHANGE OF POSSESSION—CONSTRUCTION OF SECTION 2505, REVISED STATUTES—CASE ADJUDGED.—Section 2505, Revised Statutes, providing that sales of goods in possession or under contract, *unless* accompanied by delivery in a reasonable time * * * and followed by an actual and continued change of possession, *etc.,* shall be void, as against the creditors of the vendor, or subsequent purchasers in good faith; has no application when the vendor was *not* in the visible possession of the property at time of sale; as, for instance, a sale of a horse in a

pasture one mile and a half off. The statute was designed to prevent the vendor, remaining in the apparent possession of personal property as before the imputed sale, from making a symbolical delivery, as it would be calculated to give him a fictitious credit, and thereby enable him to mislead and defraud creditors. Where the property is thus in the possession of a bailee of the vendor, it is a sufficient transfer of the possession for the vendor to notify the bailee of the fact of sale, and to direct him thereafter to recognize the vendee as the owner. It would make no difference, in such a case, whether or not the bailee assented thereto; *he* could not by *any act* of *his* thwart the rights of the purchaser.

2. —— SALE OF PERSONAL PROPERTY—ACTUAL POSSESSION.—In the sale of personal property it is not necessary that the vendor should be in the actual possession at the time. The possession of the agent or bailee, after sale, is the possession of the vendee.

3. —— CREDITORS—TO WHAT CLASS OF IT APPLIES.—The statute in question applies only to *subsequent* creditors of the vendor. It does not lie in the mouth of *antecedent* creditors to question such sale where it is good as between vendor and vendee.

4. —— DECLARATIONS OF VENDOR AFTER SALE.—The vendor, after sale, and after he has parted with the title and the possession, cannot impress the title of his vendee by any act or declaration of his. He *then* stands related to the property as any other stranger.

APPEAL from Nodaway Circuit Court, HON. H. S. KELLEY, Judge.

*Affirmed.*

Statement of case by the court.

This is an action on an indemnifying bond. The facts, necessary to be stated, are, that one Clements in June, 1883, was the owner of the horse in controversy. The horse was then kept in the pasture of one Dowis for hire. In the latter part of that month the plaintiff Standley, through his agent Stone, bought said horse of Clements, and paid therefor by allowing a credit for the purchase money on a note, or notes, held by plaintiff against Clements. At the time of the purchase Stone directed Clements to inform Dowis of the fact, and that plaintiff, or his agent Stone, would pay the pasturage on the horse from the first day of July, thereafter. The

horse was left in the pasture; but Stone did not inform Dowis of the sale and that plaintiff would pay the pasturage until in August following. Stone accordingly paid Dowis for keeping the horse from the first of July. About the twentieth of August, 1883, the defendant Watson obtained judgment against Clements in a justice's court, and on the day following, under an execution issued on said judgment, and by direction of Watson, the constable George Worley, seized said horse as the property of Clements. Thereupon plaintiff, through his said agent, gave notice to the constable of his claim of property in the horse; whereupon Watson, with the other defendants, gave to the constable the indemnifying bond provided for by statute in such case, and proceeded with the sale of the horse under execution. This action was instituted upon said bond for damages, to recover the value of said horse as the property of plaintiff. On the trial of the cause, the court gave on behalf of plaintiff the following instruction:

"If the jury believe from the evidence, that one Clements was the owner of the mare in controversy, and placed her in the field of one Dowis to pasture for a price, a distance of one mile and a half from the home of the said Clements, and that while the mare was being pastured by said Dowis for said Clements, to-wit, about the —— day of June, 1883, Joseph R. Standley, by his agent, William L. Stone, purchased said mare of said Clements and paid him for her, and said Standley, by his agent Stone, agreed to take the mare where she was, and pay the pasturage of the mare after the first day of July, and that Clements, at the request of said Stone, notified said Dowis that he had sold the mare to Stone and that Stone was to pay for the pasture from and after the first day of July, and that Dowis assented or made no objection to the arrangement, then, and in that case, the title and ownership of said mare passed to the plaintiff Standley, and no other or different delivery of

said mare by said Clements to Standley was necessary, and the jury should find for the plaintiff the value of the mare at the time she was levied on and sold, provided the jury find from the evidence that the execution was issued and levied on the mare after Clements notified Dowis of the sale of the mare and the arrangement with Stone, and while the mare remained in the pasture of Dowis under said arrangement. And any act of ownership or attention given to the mare by Clements, by way of salting, after such notice to Dowis of the sale, would not effect the right of plaintiff unless he or his agent had notice of such act."

On behalf of defendants the court gave the following declaration of law:

"2. The jury are instructed that notwithstanding the jury may believe from the evidence that at the time of the alleged purchase of said mare, she was then in the pasture of one Dowis, and that said mare remained in said pasture of said Dowis until after she was seized by the constable under the execution of defendants, yet, unless you further find from the evidence that said mare, while in said pasture of Dowis, was also in his possession or under his control, then the jury are instructed that the notice to said Dowis of such alleged sale to said Stone, as mentioned in plaintiff's instruction, number one, such notice would be unavailing and would not be sufficient to constitute the change of possession or evidence of such change, necessary to constitute a valid sale under the statutes of this state relating to fraudulent conveyances and sales of property, and you will find for the defendants."

The defendants asked, and the court refused, various other instructions, based on the hypothesis that Clements was in possession of the horse at the time of the alleged sale, and defining the requisites of a delivery in such case essential to pass title as against the creditors of Clements.

The jury found the issues for plaintiff; and defendants have appealed.

Johnson & Anthony and R. H. Wilfley, for the appellants.

I. The declarations of persons apparently in possession of property, explanatory of such possession, are admissible, under proper instructions. They constitute "verbal acts" of ownership. *Burgert v. Borchert,* 59 Mo. 80.

II. The pretended sale was void under section 2505, Revised Statutes. No such change of possession took place as would take the case from the operation of the statute. The mare was under the visible control of the vendor, though in the pasture of another. In such cases the law requires a change of possession, if the situation of the property will admit of one. *Mills v. Thompson,* 72 Mo. 367; *Wright v. McCormick,* 67 Mo. 426; *Ricker v. Cross,* 5 N. H. 570. The case of *How v. Taylor* (52 Mo. 592), relied upon by plaintiff, is unlike this case.

III. The notice of the sale to the bailee must have been given in a reasonable time after sale. A change of possession before levy, but not in reasonable time, does not make the sale good. *Franklin v. Gummersell,* 9 Mo. App. 84; *Ibid,* 11 Mo. App. 306; 6 Cal. 119.

IV. The conduct of the vendor and vendee towards the property must not be such as to leave the impression in the community that the vendor still controls the property. *Claflin v. Rosenberg,* 42 Mo. 539; *Wright v. McCormick,* 67 Mo. 426.

V. Instruction *five* offered by defendants declares the law correctly as to the time in which possession should be taken, and ownership asserted by the buyer. *Franklin v. Gummersell,* 9 Mo. App. 84; s. o., 11 Mo. App. 306.

VI. In instruction *two* the word "or," between the words "possession" and "under" should have been "and," and the mistake was prejudicial to defendants.

JOHN EDWARDS, for the respondent.

I.   The statute (sect. 2505, Rev. Stat.) has no application to sales of personal property while in the custody of a bailee, *but, by its express terms,* has reference *solely* to property which at the time of sale is in the actual possession or under the immediate control of the vendor. As to property under bailment, at the time of sale, no visible change of possession is required, but a tranfer of title by contract between vendor and vendee, and a notification to the bailee, completes the sale, as well between the parties to the sale, as between the vendor and his creditors.   *How v. Taylor,* 52 Mo. 592 ; *Erwin v. Arthur,* 61 Mo. 386 ; *Tierce v. Chipman,* 8 Vt. 334 ; *Williams v. Evans, Adm'r,* 39 Mo. 202.

II.   All objections to the introduction of evidence must be specifically set forth in the bill of exceptions to be entitled to notice in the appellate court.   *Margrave v. Ausmuss,* 51 Mo. 561 ; *Primm v. Raboteau,* 56 Mo. 407 ; *Gillett v. Matthew,* 45 Mo. 307 ; *Shelton v. Durham,* 76 Mo. 534.

III.   Where the declarations of a party are admissible to affect the title to personal property he must be in actual possession of the property.   His declarations cannot be introduced to disprove the fact of his own sale of the property.   *Criddle's Adm'r v. Criddle,* 21 Mo. 522.

IV.   After a vendor has parted with his property, he has no power, any more than a stranger, to impress the title by his declarations or acts, unknown to the vendee and not in the latter's hearing or presence. *Stewart v. Thomas,* 35 Mo. 202 ; *Bank v. Russell,* 50 Mo. 531 ; *Weinrich v. Porter,* 47 Mo. 293 ; *Gutzweiler's Adm'r v. Lackman,* 39 Mo. 91.

PHILIPS, P. J.—This case is determined upon the construction given to section 2505, Revised Statutes, which declares that :   "Every sale made by a vendor of

goods and chattels in his possession or under his control, unless the same be accompanied by delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of the things sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers, in good faith."

The contention of defendants is, that there was no such overt act of delivery of the horse by Clements to plaintiff, evidencing a change of possession, as contemplated by the statute. Had the vendor been in the visible possession of the horse at the time of the alleged sale the position of defendants would be tenable. But the proof was, that, at the time of the sale, the horse was not so in the possession of the vendor. It was not even on the premises of Clements, but was one mile and a half therefrom, in the pasture of Dowis, who had the horse as an agister for hire. It is true that Dowis testified that he was not to salt the horse or look after him. But this did not entirely break the relation of bailor and bailee between Clements and Dowis, as the latter would still have been answerable to the former for any neglect, such as unnecessarily exposing the horse to injury while in his pasture, or to escape by negligently leaving his fence down, and the like acts. Being in Dowis' pasture, to be kept by him for hire, he must return it to Clements, or his agent, or vendee. And being so in said pasture the horse was visibly in the possession of Dowis, and not apparently in the possession of the vendor, Clements.

The statute was designed to prevent the vendor, remaining in the apparent possession of personal property as before the imputed sale, from making a symbolical delivery, as it would be calculated to give him a fictitious credit, and thereby enable him to mislead and defraud creditors. *How v. Taylor*, 52 Mo. 397-8.

Where the property is thus in the possession of a bailee of the vendor, it is a sufficient transfer of the

possession for the vendor to notify the bailee of the fact of sale, and to direct him thereafter to recognize the vendee as the owner. And it would make no difference in such case whether or not the bailee assented thereto. He could not, by any act of his, thwart the rights of the purchaser. *How v. Taylor, supra; Linton v. Butz*, 7 Barr. 89 ; *Tierce v. Chipman*, 8 Vt. 334.

In *Erwin v. Arthur et al.* (61 Mo. 387), it is held, that in the sale of personal property it is not necessary that the vendor should be in the actual possession at the time. The possession of the agent or bailee after sale is the possession of the vendee.

Dowis, the bailee, was notified of the fact of purchase before the defendant Watson obtained his judgment. The defendant also had notice of the sale before he made his levy. While this latter fact would not, in a proper case, prevent the judgment creditor from controverting the fact of delivery and change of possession, as required by the statute, yet it is important, under the facts of this case where the record fails to show that the defendant became a creditor of Clements after the reputed sale. The statute in question applies only to subsequent creditors of the vendor. It does not lie in the mouth of antecedent creditors to question such sale where it is good as between vendor and vendee. *Defiance Machine Works v. Trisler*, 21 Mo. App. 69, followed by this court in *Tufts v. Thompson et al., post p.* 565.

Before the defendants could invoke this statute it devolved upon them to show that they were such subsequent creditors. No such proof is disclosed by this record.

Defendants sought to put in evidence certain statements made by Clements respecting the purchase of the horse, made by him between the date of sale and the levy of the execution. The court properly excluded these statements. The vendor, after sale, and after he has parted with the title and the possession, cannot im-

press the title of his vendee by any act or declaration of his. He then stands related to the property as any other stranger. *Criddle's Adm'r v. Criddle*, 21 Mo. 522; *Weinrich v. Porter*, 47 Mo. 293; *Gutzweiler v. Lackman*, 39 Mo. 91.

We do not deem it important to consider the instructions refused, as those given by the court were all the defendants could claim under the facts of this case. There being no question as to the sale, as between Clements and Stone, the agent of plaintiff, and the defendant Watson having failed by his proof to put himself in a position to question its validity under the statute of frauds, the verdict was for the right party.

The other judges concurring, the judgment of the circuit court affirmed.