KNOOP v. NELSON DISTILLING COMPANY, *Appellant.*

**Fraudulent Sales: R. S. 1889, SEC. 5178: PRIOR PURCHASERS.** The first clause of Revised Statutes, 1889, section 5178, which provides that every sale made by a vendor of goods and chattels in his possession, unaccompanied by a delivery of possession in a reasonable time, regard being had to the situation of the property, and unless there be an actual and continued change of possession, shall be held to be fraudulent and void, as against the creditors of the vendor or subsequent purchasers in good faith, includes prior, as well as subsequent, creditors.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*Louis H. Breker* with *Lubke & Muench* for appellant.

*C. Daudt* for respondent.

RAY, C. J.—A lucid and orderly statement of the facts will be found in the report of this case in 26 Mo. App., page 303, to which reference is here had. The case has been certified to this court under the amendment to the constitution adopted in 1884, because of a conflict of opinion between the St. Louis court of appeals and the Kansas City court of appeals, as to the proper construction of the first clause of section 2505, Revised Statutes, 1879, now section 5178, in the revision of 1889.

The first clause is an old provision, and since 1865 has read as follows: " Every sale made by a vendor of goods and chattels in his possession or under his control, unless the same be accompanied by a delivery in a reasonable time, regard being had to the situation of the property, and be followed by an actual and continued change of the possession of· the thing sold, shall be held to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers, in good faith."

The interpretation put upon the said first clause, by the Kansas City court of appeals, in *Worley ex rel. v. Watson*, 22 Mo. App. 546, to which also reference is here had, is, that the word creditors, as employed therein, is to be limited to subsequent creditors, while the St. Louis court of appeals, in the case at bar, in an elaborate and well-considered opinion, rules that the word "creditors," as there used, means and includes prior, as well as subsequent, creditors.

We have given the two opinions of the courts of appeals, above mentioned, a careful examination and,

upon due consideration thereof, in connection with the reasoning and authorities then had and cited, have reached the conclusion that the construction placed upon the first clause of section 2505, Revised Statutes, 1879, by the St. Louis court of appeals is the correct one. The question seems to have been there thoroughly examined, and well considered, in view of the prior rulings of this court, and we deem it unnecessary to again restate and reargue the same.

The second clause of said section is not involved in this case, and we express no opinion thereon, and limit our approval, in what is above said, to the first clause, deeming it unnecessary to consider or discuss the second.

The judgment of the circuit court is, therefore, reversed, with the concurrence of all the judges.