CHAS. O. PORTER, Appellant, v. REUBEN H. SHOTWELL, Defendant; S. V. SMITH, Interpleader, Respondent.

Kansas City Court of Appeals, March 7, 1904.

1. FRAUDULENT CONVEYANCES: Change of Possession: Bailment: Notice. When property is not in the possession of the vendor, but is actually in the possession of a third party as bailee, an order for the property on its sale and notice to the bailee is all that is necessary to transfer the possession as against the creditors of the vendor.

2. ———: ———: Notice to Vendee. Certain instructions relating to the access of the vendor to the transferred property are held properly refused since they fail to submit the question of the vendee's notice and assent of the conduct of the vendor.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*T. A. Frank Jones* for appellant.

(1)    To establish his right and title to the goods attached the interpleader must prove that the receipts of the warehousing company offered in evidence by him possess all the requisites of warehouse receipts as recognized and defined in the law.    The mere indorsement and delivery of the receipt of an ordinary bailee does not transfer the title or the possession of the goods described as against creditors.    Sinsheimer v. Whitley, 111 Cal. 378; Geilfuss v. Corrigan, 95 Wis. 651; Jones on Pledges (2 Ed.), sec. 280b; Shepardson v. Cary, 29 Wis. 35; Bell and Coggeshall Co. v. Glass Wks., 48 S. W. 440; Trust Co. v. Trumbull, 137 Ill. 146; Bank v. Whitehead, 149 Ind. 560; sec. 10568, Revised Statutes 1899; Bank v. Frank, 12 Mo. App. 460.    (2) Instruction number two given to the jury for the interpleader is erroneous, first, because there was no evidence that the warehousing company had and kept "actual, visible and continued" possession of the grain levied upon, all the evidence being that such possession as the company had was either constructive or occasional, and, second, because the instruction assumes that the warehousing company had actual, visible and continued possession of the building in which the grain was kept, contrary to the fact and the evidence.    (3)    There was further prejudicial error against the plaintiff in the refusal of his instruction number four, all the matters of fact therein referred to being supported by the evidence, and the evidence in regard to the possession of the grain being of such a character that the jury required legal instruction to arrive intelligently at a verdict.

*Stickney & Brooker* and *Cook & Gossett,* for interpleader.

(1)   Personal property in the hands of a bailee
may be transferred or pledged by the owner thereof
by assignment of the bailee's receipt therefor by which
the bailee agrees to hold the property for the bailor,
or his assigns of the receipt, or by bill of sale, or order
on the bailee, and such transfer is equivalent to actual
delivery of possession.   Such a sale or pledge is good
as against all the world, including creditors of the
transferring owner.   Williams v. Gray, 39 Mo. 201;
Erwin v. Arthur, 61 Mo. 386; Mueller v. Guy, 12 Mo.
App. 588; Midland Bank v. Railway, 62 Mo. App. 531.
In this case the bailee's receipts expressly show that
the bailee was to hold the wheat for the holder of the
receipts and that a transfer of the receipts should en-
title the holder thereof to the wheat.   Jones on Pledges
(2 Ed.), secs. 10, 34 and 35; Boynton v. Payson, 67
Maine 578; Tibbetts v. Flanders, 18 N. H. 284.   Even
though bailee is clerk or employee of the pledgor if
the goods are separated and marked.   Summer   v.
Hamlet, 12 Pick. (Mass.) 76; Coombs v. Tuchelt, 24
Minn. 423; Lanaux's Succession, 46 La. Ann. 1036;
Prince v. Eighth St. Church, 20 Mo. App. 332.   (2)
The plaintiff's instruction No. 4 was properly refused.
Claflin v. Rosenberg, 42 Mo. 439; Jones on Pledges
(2 Ed.), secs. 41 and 44.   (3)   Plaintiff's instruction
No. 5 was properly refused because it told the jury
that it was necessary that the warehousing company
should have received and stored the grain for hire.

ELLISON, J.—This action was brought and an
attachment in aid was sued out and levied upon a lot
of buckwheat as the property of defendant.   Inter-
pleader claimed the grain and filed his interplea there-
for.   He prevailed in the trial court.

It appears that defendant was a miller and that he
had a warehouse or storage building situated three or

four blocks from his mill.  He leased this to the "Merchants & Manufacturers' Warehousing Company of New York, Incorporated."  That before the attachment was issued he had the grain in controversy deposited in the warehouse and took from the warehouse company a receipt therefor.  He borrowed money of interpleader and assigned to him as security the receipt for the grain, of which the evidence shows the warehouse had notice.  The warehouse company had its sign on the building and on bins inside.  There was evidence tending to show that defendant was to go to the warehouse at necessary times and stir the grain and keep it in good condition; that he had a key to the building and that he kept some of his property there, a part of which he would get from time to time.  There was evidence, too, which might be stated generally tended to show that defendant had access to the warehouse at all times.  So, there was evidence that on more than one occasion defendant paid a portion of his indebtedness to interpleader and the latter would let him have a proportionate part of the grain by directing the warehouse company to that effect, which would be endorsed on the receipt which interpleader held.

The instructions for interpleader submitted that if these acts of defendant were in good faith, while they should be considered by the jury, yet alone they did not, of themselves, render the storage of the grain and the transfer to interpleader fraudulent.  Other instructions affirmed the legal validity of a change of possession of the property by a transfer of the receipt to interpleader.

Much has been said by plaintiff to show that the receipt held by interpleader was not what is technically known as a warehouse receipt; and that its transfer to interpleader did not, and could not, transfer possession of the property.

It can make no difference in the result which must be reached in this case whether the institution styled "Merchants and Manufacturers' Warehousing Company of New York," was what would properly be designated a warehouseman. It was in possession of the grain and was at least a bailee. Now, when property is not in the possession of the vendor, but is actually in the possession of a third party as bailee, an order for the property on its sale, or on its being mortgaged, or pledged, and notice to the bailee, is all that is necessary to transfer the possession as against creditors of the vendor. How v. Taylor, 52 Mo. 592; Halderman v. Stillington, 63 Mo. App. 212; Worley v. Watson, 22 Mo. App. 546. If the vendor, as in several of the cases cited by plaintiff, is in possession, or retakes possession, or the transaction, in point of fact, is a sham or pretense, an essential element to a valid transfer would be lacking.

Defendant's refused instructions were properly rejected by the trial court. The first recites certain named acts of defendant in regard to his access to the building and his opportunities to remove its contents, and states that such acts could be taken into consideration in determining who was in possession. Substantially, the same things had been included in interpleader's instruction number two, and the refusal was therefore harmless. But in addition to that, the instructions, as asked, left wholly out of consideration whether the interpleader knew of defendant's supposed conduct, or assented thereto.

The second instruction refused, submits the hypothesis of a mere pretense of possession as between the warehouse company and defendant, but in no way makes it necessary to find that interpleader was a party to the sham, or had knowledge of it.

We have not discovered anything to authorize a reversal and the judgment will be affirmed. All concur.