CELESTE STATE BANK v. PUCKETT et al.

(Court of Civil Appeals of Texas. Dallas. May 25, 1912.)

1. LIENS (§ 3*)—CONTRACT—NOTICE TO THIRD PARTIES.

Where money is furnished by a bank to pay for cotton bought by a cotton buyer under an agreement that the cotton, when purchased, shall be delivered to the public weigher or to a local ginner and a ticket issued to the seller therefor, and the ticket is cashed by the bank and held as a representative of the cotton itself until the cotton is ready for shipment, and then, when a bill of lading is issued by a carrier, the same to be delivered to the bank to be attached to the draft drawn by the buyer for the price, and exchanged for tickets covering the shipment, the bank has a lien on the cotton good as between the parties and persons having notice whether the tickets issued are technically warehouse receipts or not.

[Ed. Note.—For other cases, see Liens, Cent. Dig. § 24; Dec. Dig. § 3.*]

2. LIENS (§ 16*)—WAIVER.

The bank did not waive its lien as against the cotton buyer and persons having notice thereof by permitting the buyer to sell the cotton, since, under the contract between the bank and himself, he was allowed to do so provided he procured'bills of lading therefor to deliver to the bank as substitutes for the tickets held by the bank for cotton sold, such being the customary way of handling cotton, of which a third person claiming cotton had notice.

[Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 8–16; Dec. Dig. § 16.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by the Celeste State Bank against H. D. Puckett and others. From a judgment granting insufficient relief, plaintiff appeals. Reversed and remanded.

Looney, Clark & Leddy, of Greenville, for appellant. Crosby, Hamilton & Harrell, of Greenville, for appellee.

RAINEY, C. J. Appellant, the Celeste State Bank, brought this suit against H. D. Puckett, W. C. Mortimer & Co., the First National Bank of Celeste, and the Missouri, Kansas & Texas Railway Company of Texas, seeking to recover from said Puckett and Mortimer & Co. a balance due on an account for money advanced by appellant to pay for cotton, against which it claims a lien and pledge, and seeking to hold said First National Bank and the railway company liable for the value of 19 bales of such cotton which it is alleged they assisted said Puckett to convert, thereby depriving appellant of its lien thereon.

Appellee Puckett answered, alleging various errors and irregularities in his account, denying that he owed appellant anything, and pleading. over against it for $189.54. Mortimer & Co. filed a general denial. The Missouri, Kansas & Texas Railway Company of Texas answered by general denial and specially answered that it had no notice of appellant's lien, and that it handled the cotton in question in the usual and ordinary way. The appellee First National Bank of Celeste answered by general denial and specially alleged that it did not assist in converting the 19 bales of cotton, and that it had no notice of appellant's lien. It further alleged that, if appellant had any lien, the same had been lost by permitting Puckett to have charge and control of the cotton, and that appellant is estopped to claim such lien. It also pleaded that the ticket taken up by appellant for the 19 bales in question had been surrendered to Puckett in exchange for his checks on the bank, and that appellant's lien thereon was thereby surrendered and lost. Appellant filed supplemental petitions, answering the matters alleged by Puckett and the First National Bank. The trial resulted in a verdict and judgment for appellant against appellee Puckett for $1,444.07, and in favor of the other defendants; the court charging the jury to find a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

verdict for each of them. The appeal is taken alone from the judgment in favor of the First National Bank.

[1] Appellant complains of the action of the court in directing a verdict for the First National Bank, and submits that "where money is furnished by a bank to pay for cotton purchased by a cotton buyer, under an agreement that the cotton, when purchased, shall be delivered to the public weigher or to a local ginner, and a ticket issued to the .seller therefor, and such ticket is cashed by the bank and held as a representative of the cotton itself until such cotton is ready for shipment, and then when a bill of lading therefor is issued by a railway company, the same shall be delivered to the bank to be attached to a draft drawn by the buyer for the purchase price and exchanged for tickets covering such shipment, the bank has a lien on such cotton, good as between the parties and persons having notice, and this is true regardless of whether the tickets issued are technically warehouse receipts or not." This is a correct proposition of law. There was evidence tending to show that the appellant advanced money to pay for the cotton under such circumstances as contended for in the foregoing proposition, which, if true, created a lien on the cotton as between appellant and Puckett and parties having notice thereof. Bank v. Bank, 41 Tex. Civ. App. 535, 93 S. W. 209; Portor v. Shotwell, 105 Mo. App. 177, 79 S. W. 728; Bank v. Railway Co., 97 Tex. 201, 77 S. W. 410; Edwards v. Mayes, 136 S. W. 510; Gardner v. Bank, 54 Tex. Civ. App. 572, 118 S. W. 1146.

[2] It is contended by appellee that appellant waived its lien by permitting Puckett to sell the cotton and cotton seed. Under the contract between the appellant and Puckett, he was allowed to do this, provided he procured bills of lading therefor to deliver same to appellant as substitutes for the tickets held by appellant for cotton sold. This was the usual and customary way of handling the cotton crop by dealers at Celeste, of which appellee had notice, at least there was such an issue on this point as required its submission to the jury.

Appellee insists that appellant failed to produce ginner's tickets for the 19 bales of cotton in controversy. The appellant introduced a batch of tickets claiming that the tickets for the 19 bales were in the lot produced, and that it had paid out money on the faith of same. There was an issue raised by the evidence as to the truth of this claim, the appellee claiming that Puckett in a settlement with appellant had taken up these tickets. This was a question for the jury, and the court erred in not submitting it to the jury.

If the appellant held the tickets and appellee had notice thereof when it bought the 19 bales of cotton, it was liable for the value thereof. The evidence was not such as to warrant the trial court in directing a verdict for appellee First National Bank.

The judgment is therefore reversed, and cause remanded.